## PEOPLE, Respondent, v. RICHARD THOMPSON, Appellant.

### No. 1433; March 6, 1868.

**Homicide—Evidence of Relations Between Defendant and Deceased.**—On a trial for murder it is not error to admit testimony bearing upon the relations between the defendant and the deceased, even though at the time of the offer all the testimony connecting the defendant with the homicide may not yet have been put in.

**Instructions.**—A Criticism upon a Passage of the court's charge, selected from the whole, has no force when the entire instruction, taken together, is plainly not subject to the criticism.

**Instructions—Review on Appeal.**—An Objection to Any Point in the judge's charge to the jury must have been excepted to at the trial in order to be given consideration on appeal.

APPEAL from Second Judicial District, Lassen County.

Attorney General for respondent; Ward & Buckbel and J. Lambert for appellant.

SAWYER, C. J.—The court does not appear to us to have erred in refusing to allow the challenge taken to the jurors Doyle and Hicks. There can be no doubt that the testimony of De Forrest and Huntington, as to the relations between the defendant and deceased previous to the homicide, was properly admitted. True, at that time, all the testimony connecting defendant with the homicide had not been introduced, but there was enough to render the evidence admissible. If there had not been sufficient at that stage of the proceedings, the evidence subsequently introduced was ample, and it could only be a question as to the order of proof. So long as it was finally admissible, the order in which it came in could, in this instance, at least, make no possible difference.

There is no force in the criticism, made under appellant's fifth point, upon a passage in the charge of the court. The law in the whole charge, bearing on this point, was clearly presented to the jury, and it is scarcely possible that it could have been misunderstood. The entire law necessary to be stated could not be embraced in a single sentence, and the court did not attempt it.

The defendant has nothing of which he can justly complain in that portion of the charge referring to drunkenness. Besides, we cannot find that there was any exception taken to this or any other portion of the charge given by the court.

The tenth instruction asked by defendant is clearly not law, and there was no error in refusing it. We find nothing in the record, of which the defendant can justly complain.

The judgment is affirmed with directions to the district judge to appoint a day for carrying it into execution.

We concur: Rhodes, J.; Crockett, J.; Sanderson, J.; Sprague, J.